IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FIRST BAPTIST FERRY PASS, INC.,

    Plaintiff,                                          CASE NO.: _____

vs.

WESTERN WORLD INSURANCE
COMPANY,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WESTERN WORLD INSURANCE COMPANY ("WWIC"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County, styled *FIRST BAPTIST FERRY PASS, INC., vs. WESTERN WORLD INSURANCE COMPANY,* Case No. 2021-CA-000414, where Plaintiff filed suit against WWIC, and further states:

## TIMELY NOTICE OF REMOVAL

On February 24, 2021, Plaintiff filed its Complaint against WWIC in the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County.

On March 1, 2021, WWIC was served with a Summons and copy of the Complaint in connection with the state action, from which WWIC could ascertain that this action was removable.

Pursuant to 28 U.S.C. § 1446(b), WWIC timely files this Notice within one year of the filing of the Complaint and within thirty (30) days of WWIC's receipt through service of a copy of the initial pleading setting forth a claim for relief.

## VENUE

Venue is proper in the United States District Court for the Northern District of Florida because the state court action originated in Escambia County, Florida.

## JURISDICTION

This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, WWIC is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center'").

Here, WWIC is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Parsippany, New Jersey. Accordingly, WWIC is a citizen of New Hampshire and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

Plaintiff, FIRST BAPTIST FERRY PASS, INC. is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of Florida, with its principal place of business in Escambia County, Florida.[1] Accordingly, Plaintiff is a

---

[1] Plaintiff's Complaint at ¶¶ 1 and 4. Plaintiff's Complaint and all State Court Pleadings have been collectively attached hereto as **Exhibit "1."** Plaintiff's allegations have been confirmed by the public records available on the website maintained by the Florida Department of State, Division of Corporations. Said records are attached collectively as **Exhibit "2."**

2

citizen of Florida for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

As WWIC is a citizen of New Hampshire and New Jersey, and Plaintiff is a citizen of Florida, the citizenships of the parties are completely diverse.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

WWIC bears the burden of establishing jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007).

Plaintiff's Complaint asserts a cause of action for a breach of contract, and petitions for declaratory relief, alleging that WWIC failed to issue payment of $649,181.47, under the terms of the policy for a loss occurring on or about September 16, 2020 due to Hurricane Sally.[2] Plaintiff plainly states that the ". . . amount in controversy is at least $649,181.47."[3]

Accordingly, the amount in controversy between Plaintiff and WWIC for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## COMPLIANCE WITH 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1446(d), WWIC provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[4]

**WHEREFORE**, WWIC requests that this Court exercise jurisdiction over this matter.

---

[2] **Exhibit "1,"** Plaintiff's Complaint at ¶¶ 1, 5-14, 36-37.
[3] *Id.* at ¶ 14.
[4] *See* **Exhibit "1."**

3

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Troy J. Seibert
**TROY J. SEIBERT, ESQ.**
Florida Bar No.: 0084668
tseibert@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar No.: 1004601
vfernandez@butler.legal
Secondary: msmalls@butler.legal;
egonzalez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Counsel for Defendant,*
*Western World Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

CONSUMER LAW OFFICE, P.A.
Mordechai L. Breier, Esq.
Oren Reich, Esq.
Michael Katz, Esq.
633 NE 167th Street, Suite #725
North Miami Beach, FL 33162
service@consumerlawoffice.com;
*Counsel for Plaintiff,*
*First Baptist Ferry Pass, Inc.*

by CM/ECF on March 31, 2021.

/s/ Troy J. Seibert
**TROY J. SEIBERT, ESQ.**