UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FIRST BAPTIST FERRY PASS INC,

   Plaintiff,

v.                                        Case No.:  3:21cv544/MCR/ZCB

WESTERN WORLD INSURANCE
COMPANY,

   Defendant.
_____/

**ORDER**

The Magistrate Judge issued a Report and Recommendation on March 30, 2023. ECF No. 50.  The Court furnished the parties a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).

Having considered the Report and Recommendation, the record,[1] and the timely filed objections and response under *de novo* review, I have determined the Report and Recommendation should be adopted, as modified herein.  Defendants' objections are rejected with one exception.  It is clear on this record that the

---

[1] The undersigned has reviewed a copy of the real-time transcript from the evidentiary hearing held by the Magistrate Judge on February 27, 2023.  The official transcript was not ordered by either party but courts and parties routinely rely on the real-time transcript for objections and rulings at trial.  To the extent there is an appeal of the Court's Order to the Eleventh Circuit, obviously the official transcript must be ordered.

1

Defendant was aware of the KDH Assignment of Benefits ("AOB") prior to mediation, regardless of the Rule 26 disclosures or any asserted confusion. The stipulated facts show that the architect emailed the AOB to the claims adjuster, who provided it to defense counsel.[2] This eviscerates each of Defendant's arguments because given this fact, any confusion or mistake over the status of KDH or the identity of any AOB vendor related to the property at issue were matters that the Defendant should have taken up or sought clarification about before accepting the mediator's acknowledgement of settlement, which plainly states that the settlement does not reduce, release or resolve any pending Assignment of Benefits claim. However, the Court finds merit to Defendant's assertion that the parties' agreement requires payment 20 days after Plaintiff executes a release (which of course excludes the Assignment of Benefits claim, as provided in the parties' agreement). The Order will be modified to conform to the parties' agreement.

---

[2] Defendant objects specifically only to the finding of fact at ¶ 12 of the Report and Recommendation, which states that architect Kenneth Hecht was serving in a "dual role." While Defendant acknowledges that Hecht's report shows both that he would be compensated as an "expert" and also as an "architect of record" for the insured, Defendant argues that this dual role was not made clear. The Court disagrees and finds the argument disingenuous on this record, and to the extent there was any confusion, Defendant could have clarified the point before the mediation. More importantly, however, this "dual role" is not material for the sole reason that Defendant admittedly knew of the AOB. Defendant does not object to any other fact findings, including ¶¶ 17–18, which state that the claims adjuster received the KDH Assignment of Benefits and provided it to Defendant's counsel. Defense counsel confirmed this in his testimony during the hearing, and he stated he was not claiming that the emails were false or fabricated.

The Court also has considered *de novo* but rejects Plaintiff's objections regarding its request for attorney's fees for the reasons stated in the Report and Recommendation and in the Defendant's response.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 50, is adopted, modified, and incorporated by reference as stated in this order, and the objections, ECF No. 51, 52, are **OVERRULED**.

2. Plaintiff's "Motion to Enforce Settlement Agreement and For Entry of Judgment for Plaintiff," ECF No. 32, is **GRANTED in part** to the extent that Defendant is directed to pay the amount due under the settlement agreement (exclusive of any pending Assignment of Benefits claims) within twenty (20) days after receiving the fully executed release, proof of the current mortgagee(s) on the subject property, and an executed W-9 form from Plaintiff's counsel, as expressly provided in the parties' agreement, and **DENIED in part** to the extent that Plaintiff has requested attorney's fees.

3. Defendant's Motion for Sanctions, ECF No. 37, is **DENIED**.

4.  The Clerk is directed to close the case.

**DONE AND ORDERED** this 6th day of July 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**